UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AVERY T. RAY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-460-RLM-MGG |
| COOK, et al., | |
| Defendants. | |

OPINION AND ORDER

Avery T. Ray, a prisoner without a lawyer, filed an amended complaint about a dog bite he received from a correctional officer's K9 partner at the Miami Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Ray alleges that as he was coming out of the chow hall on February 25, 2021, Lt. Thompson, who was in the prison yard, directed Mr. Ray to proceed through the yard in a certain way. As he proceeded around the yard, he says Sgt. Cook ordered his K-9 to attack and bite him even though he had done nothing to warrant the attack. Mr. Ray asserts that Sgt. Cook let the dog bite him on both legs. Because Mr. Ray has Type 1

diabetes, he alleges the dog's attack could have resulted in both of his legs being amputated. Mr. Ray states that Lt. Thompson took pictures of his injuries after several nurses treated and bandaged his injuries. The next day he was written up for being too close to the K-9, but the charge was later dismissed.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825, 833-834 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). The use of a dog can constitute excessive force on the part of the dog's handler. *See* Becker v. Elfreich, 821 F.3d 920, 925-927 (7th Cir. 2016); Dye v. Wargo, 253 F.3d 296 (7th Cir. 2001). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-321 (1986) (quotation marks and citation omitted). Giving Mr. Ray the inferences to which he is entitled at this stage of the proceedings, he has stated a plausible claim against Sgt. Cook for releasing his K-9, which attacked and bit Mr. Ray, after Lt. Thompson instructed Mr. Ray to proceed through the prison yard, in violation of the Eighth Amendment.

Mr. Ray also sues Miami County, but he doesn't explain why he is suing Miami County. Therefore, he may not proceed against Miami County.

To the extent Mr. Ray has tried to sue the Miami Correctional Facility, he can't proceed against the Miami Correctional Facility because it is a building and not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Avery T. Ray leave to proceed against Sgt. Cook in his individual capacity for compensatory and punitive damages for allegedly releasing his K-9, which attacked and bit Mr. Ray, after Lt. Thompson instructed Mr. Ray to proceed through the prison yard, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Miami County and Miami Correctional Facility;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Cook at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 4), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Cook to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2021

                                                    s/ Robert L. Miller, Jr.  
                                                    JUDGE  
                                                    UNITED STATES DISTRICT COURT