UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AVERY T. RAY,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-460-RLM-MGG

COOK,

    Defendant.

OPINION AND ORDER

Avery T. Ray, a prisoner without a lawyer, is proceeding in this case "against Sgt. Cook in his individual capacity for compensatory and punitive damages for allegedly releasing his K-9, which attacked and bit Mr. Ray, after Lt. Thompson instructed Mr. Ray to proceed through the prison yard, in violation of the Eighth Amendment[.]" ECF 7 at 3. Sgt. Cook filed a motion for summary judgment, arguing Mr. Ray didn't exhaust his administrative remedies before filing suit. With the motion, Sgt. Cook provided Mr. Ray the notice required by N.D. Ind. L.R. 56-1(f). Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notice.

"A party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Local Rule 56-1(b)(1).[1]

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because Sgt. Cook's summary judgment motion was filed before that date, the earlier version of Local Rule 56-1 applies.

After this deadline passed with no response from Mr. Ray, the court extended his deadline to respond until May 20. The court cautioned Mr. Ray that if he didn't respond by that date, the court may rule on the summary judgment motion without a response from him. The court then enlarged the deadline once more, granting Mr. Ray until July 29 to file a response. This deadline passed almost a month ago, but Mr. Ray has not responded. Therefore the court will now rule on Sgt. Cook's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Sgt. Cook provides an affidavit from Michael Gapski, the Grievance Specialist at Miami Correctional Facility, who attests to the following:[2] On March 15, 2021, Mr.

---

[2] Because Mr. Ray hasn't responded to Sgt. Cook's summary judgment motion, the court accepts Gapski's attestations as undisputed. *See* Fed. R. Civ. P.

Ray first submitted a grievance complaining of Sgt. Cook's February 29 use of force. ECF 16-1 at 6. Because Mr. Ray submitted his grievance more than ten business days after the incident complained of, the grievance office rejected it as untimely. *Id.* Mr. Ray filed another grievance on March 20, 2021, which the grievance office also rejected as untimely. *Id.* The grievance office never accepted any grievance from Mr. Ray regarding Sgt. Cook's use of force. *Id.*

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Cook has provided undisputed evidence that Mr. Ray didn't exhaust his administrative remedies before filing this lawsuit. Specifically, Sgt. Cook provides

---

56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

evidence Mr. Ray waited until March 15, 2021, and March 20, 2021, to submit grievances complaining of Sgt. Cook's February 29 use of force. Because these grievances were filed more than ten business days after the incident complained of, the grievance office properly rejected them as untimely. *See* ECF 16-2 at 9 ("An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist"). Mr. Ray doesn't provide any evidence these grievances were improperly rejected or the grievance process was unavailable to him. Sgt. Cook has met his burden to show Mr. Ray did not exhaust his administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Sgt. Cook's summary judgment motion (ECF 16); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Cook and against Avery T. Ray and to close this case.

SO ORDERED on August 22, 2022

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT